**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

ENTERED
01/25/2018

| | |
|---|---|
| In re: | **Chapter 11** |
| **EXPRO HOLDINGS US INC.,** *et al.*,[1] | **Case No. 17-60179 (DRJ)** |
| **Debtors.** | **(Jointly Administered)** |

**FINAL ORDER (I) AUTHORIZING THE DEBTORS TO**
**PAY CERTAIN PREPETITION CLAIMS IN THE ORDINARY**
**COURSE OF BUSINESS AND (II) GRANTING RELATED RELIEF**

(Relates to Docket Nos. 10 & 71)

Upon the motion (the "<u>Motion</u>")[2] of the above-captioned debtors and debtors in possession (together, the "<u>Debtors</u>") for entry of a final order (this "<u>Final Order</u>"), (a) authorizing, but not directing, the Debtors to pay in the ordinary course of business allowed prepetition claims (collectively, the "<u>Trade Claims</u>") of (i) general unsecured creditors and (ii) creditors whose Trade Claims may give rise to liens under certain state and federal laws, that are not Debtors or "affiliates" (as such term is defined in § 101(2) of the Bankruptcy Code) of the Debtors (collectively, the "<u>Trade Creditors</u>"), and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, if applicable, are as follows: Expro Holdings US, Inc. (9304); Exploration and Production Services (Holdings) Ltd (4457); Expro (B) Sdn Bhd (BN) (4498); Expro Americas, LLC (6756); Expro Benelux Ltd. (4470); Expro do Brasil Servicos Ltda (5788); Expro Eurasia Ltd. (4463); Expro FinServices Sarl (5691); Expro Group Australia PTY Ltd. (4495); Expro Group Canada Inc. (1672); Expro Gulf Ltd. (4486); Expro Holdings Australia 1 PTY Ltd. (4386); Expro Holdings Australia 2 PTY Ltd. (4387); Expro Holdings Norway AS (2951); Expro Holdings UK 2 Ltd. (5169); Expro Holdings UK 3 Ltd (5168); Expro Holdings UK 4 Ltd. (5167); Expro International BV (4476); Expro International Group Holdings Ltd. (5170); Expro International Group Ltd. (4453); Expro   International Ltd. (4461); Expro Meters Inc. (1666); Expro  North Sea Ltd. (4460); Expro Norway AS (1675); Expro Overseas Inc. (4481); Expro Overseas Ltd. (4489); Expro Resources Ltd. (4472); Expro Servicos S de R L de C.V. (1674); Expro Tool S de R L de C.V. (1673); Expro Trinidad Ltd.; Expro US Finco LLC (7558); Expro US Holdings, LLC (1005); Expro Worldwide BV (1668); Exprotech Nigeria Ltd. (4478); Petrotech AS (5875); Petrotech BV (5888); PT Expro Indonesia (4491).  The location of the Debtors' registered office is 14-16 Cross Street, 3rd Floor, Reading, Berkshire, RG1 1SN, United Kingdom.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.  The Motion is granted on a final basis as set forth herein.

2.  The Debtors are authorized, but not directed, to pay prepetition amounts owed to Creditors on account of the Trade Claims in their discretion in the ordinary course of business.

3.  The Debtors are authorized, but not directed, to condition payment of a Trade Claim on a Trade Creditor's maintenance or application of terms that are at least as favorable as the Customary Terms applicable to such creditor.

4.  If a Creditor, after receiving payment on account of a Trade Claim, ceases to provide Customary Terms or otherwise fails to perform under a contract with a Debtor, the applicable Debtor may exercise any and all rights to seek recovery of the sums paid, including to deem such payment to apply instead to any postpetition amount that may be owing to such Creditor or to treat such payment as an avoidable postpetition transfer of property.

5.      Notwithstanding the relief granted in this Final Order and any actions taken pursuant to such relief, nothing in this Final Order shall be deemed: (a) an admission as to the validity of any prepetition claim against a Debtor entity; (b) a waiver of the Debtors' or any other party in interest's right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Final Order or the Motion; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to § 365 of the Bankruptcy Code; or (f) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law.

6.      The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized and directed to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, provided that sufficient funds are on deposit and standing in the Debtors' credit in the applicable bank accounts to cover such payments, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Final Order without any duty of further inquiry and without liabilities for following the Debtors' instructions.

7.      The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these Chapter 11 Cases with respect to prepetition amounts owed in connection with any Trade Claims.

8.      Notwithstanding anything to the contrary in this Final Order, any payment made, or authorization contained, hereunder shall be subject to the requirements imposed on the Debtors

under any order of this Court approving the Debtors' post-petition secured debtor-in-possession financing and use of cash collateral (the "DIP Order"), including any budgets in connection therewith.  In the event of any inconsistency between the terms of the DIP Order and the terms of this Final Order or any action proposed to be taken hereunder, the terms of the DIP Order shall govern.

9.    Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

10.    Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

11.    The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

12.    This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

**Signed:  January 25, 2018.**

**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**