## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| EXPRO HOLDINGS US INC., *et al.*[1] | Case No. 17-60179 (DRJ) |
| Debtors. | (Jointly Administered) |

### JACKSON WALKER L.L.P.'S FIRST AND FINAL APPLICATION
### FOR THE PAYMENT OF COMPENSATION AND REIMBURSEMENT OF
### EXPENSES FOR THE PERIOD DECEMBER 18, 2017 THROUGH FEBRUARY 5, 2018

| | | |
|---|---|---|
| Name of Applicant: | Jackson Walker L.L.P. | |
| Applicant's Role in Case: | Co-Counsel to the Debtors | |
| Date Order of Employment Signed: | January 19, 2018 [Docket No. 182] | |
| | Beginning of Period | End of Period |
| Time period covered by this Application: | 12/18/2017 | 02/05/2018 |
| Time period covered by prior Applications: | N/A | N/A |
| Total amounts awarded in all prior Applications: | N/A | |
| Total fees requested in this Application: | $76,161.00 | |
| Total professional fees requested in this Application: | $54,731.00 | |
| Total actual professional hours covered by this Application: | 75.6 | |
| Average hourly rate for professionals: | $723.96 | |
| Total paraprofessional fees requested in this Application: | $21,430.00 | |

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, if applicable, are as follows: Expro Holdings US, Inc. (9304); Exploration and Production Services (Holdings) Ltd (4457); Expro (B) Sdn Bhd (BN) (4498); Expro Americas, LLC (6756); Expro Benelux Ltd. (4470); Expro do Brasil Servicos Ltda (5788); Expro Eurasia Ltd. (4463);  Expro FinServices Sarl (5691); Expro Group Australia PTY Ltd. (4495); Expro Group Canada Inc. (1672); Expro Gulf Ltd. (4486);  Expro Holdings Australia 1 PTY Ltd. (4386); Expro Holdings Australia 2 PTY Ltd. (4387); Expro Holdings Norway AS (2951); Expro Holdings UK 2 Ltd. (5169); Expro Holdings UK 3 Ltd (5168); Expro Holdings UK 4 Ltd. (5167); Expro International BV (4476); Expro International Group Holdings Ltd. (5170); Expro International Group Ltd. (4453); Expro   International Ltd. (4461); Expro Meters Inc. (1666); Expro  North Sea Ltd. (4460); Expro Norway AS (1675); Expro Overseas Inc. (4481); Expro Overseas Ltd. (4489); Expro Resources Ltd. (4472); Expro Servicos S de R L de C.V. (1674); Expro Tool S de R L de C.V. (1673); Expro Trinidad Ltd.; Expro US Finco LLC (7558); Expro US Holdings, LLC (1005); Expro Worldwide BV (1668); Exprotech Nigeria Ltd. (4478); Petrotech AS (5875); Petrotech BV (5888); PT Expro Indonesia (4491).  The location of the Debtors' registered office is 14-16 Cross Street, 3rd Floor, Reading, Berkshire, RG1 1SN, United Kingdom.

| | |
|---|---|
| Total actual paraprofessionals hours covered by this Application: | 79.2 |
| Average hourly rate for paraprofessionals: | $270.58 |
| Reimbursable expenses sought in this Application: | $70,264.27 |
| Total to be paid to Priority Unsecured Creditors: | Paid in full |
| Anticipated % dividend to Priority Unsecured Creditors: | 100% |
| Total to be paid to General Unsecured Creditors: | Paid in full |
| Anticipated % dividend to General Unsecured Creditors: | 100% |
| Date of Confirmation Hearing: | January 25, 2018 |
| Indicate whether the plan has been confirmed: | Yes [Dckt. No. 212] |

## **EXHIBITS**

Exhibit 1      Order Granting the Application of Debtors-in-Possession to Employ Jackson Walker L.L.P. as Co-Counsel for Debtors

Exhibit A      Customary and Comparable compensation Disclosures with Fee Application

Exhibit B      Summary of Timekeepers Included in this Fee Application

Exhibit C      Budget

Exhibit D      Summary of Compensation Requested by Project Category

Exhibit E      Chart of Expenses

Exhibit F      Professional's time entries by categories

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| EXPRO HOLDINGS US INC., *et al.*[1] | Case No. 17-60179 (DRJ) |
| Debtors. | (Jointly Administered) |

**JACKSON WALKER L.L.P.'S FIRST AND FINAL APPLICATION FOR THE
PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES
FOR THE PERIOD DECEMBER 18, 2017, THROUGH FEBRUARY 5, 2018**

> **THIS MOTION SEEKS AN ORDER THAT MAY
> ADVERSELY AFFECT YOU. IF YOU OPPOSE THE
> MOTION, YOU SHOULD IMMEDIATELY CONTACT
> THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU
> AND THE MOVING PARTY CANNOT AGREE, YOU MUST
> FILE A RESPONSE AND SEND A COPY TO THE MOVING
> PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE
> WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON
> YOU. YOUR RESPONSE MUST STATE WHY THE
> MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT
> FILE A TIMELY RESPONSE, THE RELIEF MAY BE
> GRANTED WITHOUT FURTHER NOTICE TO YOU. IF
> YOU OPPOSE THE MOTION AND HAVE NOT REACHED
> AN AGREEMENT, YOU MUST ATTEND THE HEARING.
> UNLESS THE PARTIES AGREE OTHERWISE, THE**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, if applicable, are as follows: Expro Holdings US, Inc. (9304); Exploration and Production Services (Holdings) Ltd (4457); Expro (B) Sdn Bhd (BN) (4498); Expro Americas, LLC (6756); Expro Benelux Ltd. (4470); Expro do Brasil Servicos Ltda (5788); Expro Eurasia Ltd. (4463); Expro FinServices Sarl (5691); Expro Group Australia PTY Ltd. (4495); Expro Group Canada Inc. (1672); Expro Gulf Ltd. (4486); Expro Holdings Australia 1 PTY Ltd. (4386); Expro Holdings Australia 2 PTY Ltd. (4387); Expro Holdings Norway AS (2951); Expro Holdings UK 2 Ltd. (5169); Expro Holdings UK 3 Ltd (5168); Expro Holdings UK 4 Ltd. (5167); Expro International BV (4476); Expro International Group Holdings Ltd. (5170); Expro International Group Ltd. (4453); Expro  International Ltd. (4461); Expro Meters Inc. (1666); Expro  North Sea Ltd. (4460); Expro Norway AS (1675); Expro Overseas Inc. (4481); Expro Overseas Ltd. (4489); Expro Resources Ltd. (4472); Expro Servicos S de R L de C.V. (1674); Expro Tool S de R L de C.V. (1673); Expro Trinidad Ltd.; Expro US Finco LLC (7558); Expro US Holdings, LLC (1005); Expro Worldwide BV (1668); Exprotech Nigeria Ltd. (4478); Petrotech AS (5875); Petrotech BV (5888); PT Expro Indonesia (4491). The location of the Debtors' registered office is 14-16 Cross Street, 3rd Floor, Reading, Berkshire, RG1 1SN, United Kingdom.

JACKSON WALKER L.L.P.'S FIRST AND FINAL APPLICATION FOR THE
PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES
19805828v.1

PAGE 1 OF 16

**COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO THE HONORABLE U.S. BANKRUPTCY JUDGE DAVID R. JONES:

Jackson Walker L.L.P. ("JW") makes this First and Final Application for the Payment of Compensation and Reimbursement of Expenses for the Period December 18, 2017, through February 5, 2018 (the "Application"), for the allowance of compensation for professional services provided in the amount of $76,161.00 and reimbursement of actual and necessary expenses in the amount of $70,264.27 that JW incurred for the period December 18, 2017, through February 5, 2018 (the "Application Period"), as co-counsel to the reorganized debtors in the above-captioned case and respectfully represents as follows:

## I. JURISDICTION

1.      JW submits this Application pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), Rule 2016 of the Bankruptcy Local Rules (the "Local Rules"), and in recognition of the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013 (the "US Trustee Guidelines").

2.      Pursuant to 28 U.S.C. §§ 157 and 1334, jurisdiction lies in this Court.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue properly lies in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II.  RELIEF REQUESTED

3.      JW requests that the Court enter an order allowing JW's compensation for professional services rendered during the Application Period in the amount of $76,161.00 and reimbursement of actual and necessary expenses incurred by JW in the amount of $70,264.27.

## III.  PROCEDURAL BACKGROUND

4.      On December 18, 2017 (the "Petition Date"), Expro Holdings US, Inc., Exploration and Production Services (Holdings) Ltd., Expro (B) Sdn Bhd (BN), Expro Americas, LLC, Expro Benelux Ltd., Expro do Brasil Servicos Ltda; Expro Eurasia Ltd., Expro FinServices Sarl, Expro Group Australia PTY Ltd., Expro Group Canada Inc., Expro Gulf Ltd., Expro Holdings Australia 1 PTY Ltd., Expro Holdings Australia 2 PTY Ltd., Expro Holdings Norway AS, Expro Holdings UK 2 Ltd., Expro Holdings UK 3 Ltd., Expro Holdings UK 4 Ltd., Expro International BV, Expro International Group Holdings Ltd., Expro International Group Ltd., Expro International Ltd., Expro Meters Inc., Expro North Sea Ltd., Expro Norway AS, Expro Overseas Inc., Expro Overseas Ltd., Expro Resources Ltd., Expro Servicos S de R L de C.V.; Expro Tool S de R L de C.V., Expro Trinidad Ltd., Expro US Finco LLC, Expro US Holdings, LLC, Expro Worldwide BV, Exprotech Nigeria Ltd., Petrotech AS, Petrotech BV, and PT Expro Indonesia (collectively, the "Debtors") filed their voluntary petitions for relief under chapter 11 of title 11 of the Bankruptcy Code. The Debtors continue in possession of their property and management of their business as debtors in possession pursuant to Bankruptcy Code §§ 107 and 108 until the Effective Date of June 8, 2017. No entity requested the appointment of a trustee or examiner.

5.      The Debtors were founded in the U.K. in 1973 as a well testing company to help customers deliver oil in the U.K.'s North Sea.  Over the next 20 years, the Debtors' operations expanded into Europe, Sub-Saharan Africa, Asia, and the Middle East through a combination of

organic growth and targeted acquisitions. In the 1990s, the Debtors further expanded into deepwater markets of North and Latin America, while also broadening the scope of its portfolio to include subsea, well intervention, and production services. By the 2000s, the Debtors had made a number of key technology acquisitions that helped establish its position as a global leader in well flow management. Today the Debtors employ more than 4,100 employees and more than 500 contractors who operate in over 50 countries. The global reach enables the Debtors to serve customers in all of the main hydrocarbon-producing areas around the world.

6.      Prior to the Petition Date, the Debtors executed a restructuring support agreement with an overwhelming majority of their secured and mezzanine lenders as well as their shareholders. Prepetition, the Debtors also began soliciting votes on the Joint Prepackaged Chapter 11 Plan of Reorganization of Expro Holdings US Inc. and its Affiliated Debtors (the "Chapter 11 Plan") [Docket No. 19], which was overwhelming accepted by each class of claims and interests that were impaired and entitled to vote. The Findings of Fact, Conclusions of Law, and Order Approving the Debtors' Disclosure Statement and Confirming the Debtors' Joint Prepackaged Chapter 11 Plan of Reorganization [Docket No. 212] was entered by this Court on January 25, 2018. Under the Chapter 11 Plan, all general unsecured creditors are to be paid in cash in the ordinary course of business.

7.      On December 29, 2017, the Debtors filed the Application of Debtors-in-Possession to Employ Jackson Walker L.L.P. as Co-Counsel for Debtors  (the "Application to Retain") [Docket No. 153]. The Court entered the Order Granting the Application of Debtors-in-Possession to Employ Jackson Walker L.L.P. as Co-Counsel for Debtors  (the "Retention Order") [Docket No. 182] on January 19, 2018. A copy of the Retention Order is attached hereto as Exhibit 1.

8.     Because the Debtors' bankruptcy cases lasted slightly over one month, JW did not file any monthly fee statements.  This Application will be the only request for fees and expenses incurred during the Application Period.

### IV.  CASE STATUS SUMMARY

9.     The Debtors filed for bankruptcy on December 18, 2017, and the Court entered the Findings of Fact, Conclusions of Law, and Order Approving the Debtors' Disclosure Statement and Confirming the Debtors' Joint Prepackaged Chapter 11 Plan of Reorganization [Docket No. 212] on January 25, 2018.  The Debtors filed the Notice of (I) Entry of Order Approving the Debtors' Disclosure Statement and Confirming the Debtors' Joint Prepackaged Chapter 11 Plan of Reorganization and (II) the Occurrence of the Effective Date [Docket No. 229] on February 5, 2018, setting the Effective Date as March 7, 2018.

10.     During the Application Period, JW provided legal advice and services regarding local rules, practices, and procedures affecting numerous issues in the Debtors' cases, including with respect to assisting with the following:

      (a)     providing legal advice and services regarding local rules, practices, and procedures, including in particular, evidentiary practice at hearings, and applicable Fifth Circuit law;

      (b)     providing services in connection with administration of these chapter 11 cases, including filing documents with the court, preparation of notices, and preparation of exhibit binders and pleading binders;

      (c)     reviewing and providing comments on drafts of pleadings to be filed with this Court to endeavor to align same with local practice;

      (d)     appearing in Court and discussions with the United States Trustee (the "US Trustee") on behalf of the Debtors;

      (e)     providing other services assigned by the Debtors to assist in the administration of these cases; and

      (f)     providing legal advice and services on any matter on which Paul, Weiss, Rifkind, Wharton & Garrison LLP ("Paul Weiss") may have a conflict with respect to the Debtors.

11.    Key steps completed in these cases during the Application Period include the following:

      (a)     the entry of the following orders:

          (i)     Order (A) Scheduling Combined Hearing on (I) Adequacy of Disclosure Statement and Solicitation Procedures and (II) Confirmation of Prepackaged Plan; (B) Establishing Procedures for Objecting to Disclosure Statement, Solicitation Procedures, and Prepackaged Plan; (C) Approving Form, Manner, and Sufficiency of Notice of Combined Hearing and Commencement of Chapter 11 Cases; (D) Extending Time and, Upon Plan Confirmation, Waiving Requirements to (II) Convene Section 341 Meeting and (I) File Statement of Financial Affairs and Schedules of Assets and Liabilities; and (E) Granting Related Relief [Docket No. 66];

          (ii)     Final Order (I) Authorizing the Debtors to (A) Pay Prepetition Wages, Salaries, Other Compensation, and Reimbursable Expenses and (B) Continue Employee Benefits Programs and (II) Granting Related Relief [Docket No. 67];

          (iii)     Order (I) Authorizing the Payment of Certain Prepetition Taxes and Fees, and (II) Granting Related Relief [Docket No. 68];

          (iv)     Order (I) Authorizing the Debtors to (A) Continue Their Prepetition Insurance Coverage and Satisfy Prepetition Obligations Related Thereto and (B) Renew, Supplement, or Enter into New Insurance Policies and (II) Granting Related Relief [Docket No. 69];

          (v)     Order Pursuant to Sections 105(A) and 366(B) of the Bankruptcy Code (I) Prohibiting Utility Companies from Altering, Refusing, or Discontinuing Utility Services; (II) Deeming Utility Companies Adequately Assured of Future Performance; (III) Establishing Procedures for Determining Adequate Assurance of Payment; and (IV) Granting Related Relief [Docket No. 70];

          (vi)     Interim Order (I) Authorizing the Debtors to Pay Certain Prepetition Claims in the Ordinary Course of Business and (II) Granting Related Relief [Docket No. 71];

(vii)  Order (I) Enforcing the Protections of Sections 105(A), 362, 365, 525, and 541 of the Bankruptcy Code and (II) Granting Related Relief [Docket No. 72];

(viii)  Order Appointing Prime Clerk LLC as Claims, Noticing, and Solicitation Agent [Docket No. 74];

(ix)  Interim Order (I) Authorizing Debtors (A) to Obtain Postpetition Financing Pursuant to 11 U.S.C. §§ 105, 361, 362, 363(b), 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1) and 364(e) and (B) to Utilize Cash Collateral Pursuant to 11 U.S.C. § 363, (II) Granting Adequate Protection to Prepetition Credit Agreement Secured Parties Pursuant to 11 U.S.C. §§ 361, 362, 363, 364 and 507(b) and (III) Scheduling Final Hearing Pursuant to Bankruptcy Rules 4001(b) and (c) [Docket No. 75];

(x)  Order Authorizing the Debtors to (I) Honor and Incur Obligations Under Counterparty Contracts, and (III) Granting Related Relief [Docket No. 76];

(xi)  Corrected Interim Order (I) Authorizing Use of the Debtors' Existing Cash Management System; (II) Authorizing and Directing Banks and Financial Institutions to Honor and Process Checks and Transfers; (III) Authorizing Continued Use and Satisfaction of Intercompany Transactions; (IV) Authorizing the debtors to Use Existing Bank Accounts and Existing Business Forms, and (V) Granting Related Relief [Docket No. 80];

(xii)  Findings of Fact, Conclusions of Law, and Order Approving the Debtors' Disclosure Statement and Confirming the Debtors' Joint Prepackaged Chapter 11 Plan of Reorganization [Docket No. 212];

(xiii)  Final Order (I) Authorizing the Debtors to Pay Certain Prepetition Claims in the Ordinary Course of Business and (II) Granting Related Relief [Docket No. 215];

(xiv)  Final Order (I) ) Authorizing Debtors (A) to Obtain Postpetition Financing Pursuant to 11 U.S.C. §§ 105, 361, 362, 363(b), 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1) and 364(e) and (B) to Utilize Cash Collateral Pursuant to 11 U.S.C. § 363, (II) Granting Adequate Protection to Prepetition Credit Agreement Secured Parties Pursuant to 11 U.S.C. §§ 361, 362, 363, 364 and 507(b) [Docket No. 216]; and

(xv)  Final Order (I) Authorizing Use of the Debtors' Existing Cash Management System; (II) Authorizing and Directing Banks and Financial Institutions to Honor and Process Checks and Transfers;

(III) Authorizing Continued Use and Satisfaction of Intercompany Transactions; (IV) Authorizing the Debtors to Use Existing Bank Accounts and Existing Business Forms, and (V) Granting Related Relief [Docket No. 217].

(b)     communicating with creditors and other parties in interest concerning the case; and

(c)     assisting with the final preparations, filing, and obtaining confirmation of a chapter 11 plan of reorganization.

## V.   TERMS AND CONDITIONS OF EMPLOYMENT AND COMPENSATION

12.     The terms and conditions of JW's employment by the Debtors and compensation to be paid to JW by the Debtors are specifically outlined in the Application to Retain.  As set out in the Application to Retain, JW received a retainer of $150,000.00 for services performed and to be performed in connection with an in contemplation of the filing of these cases, of which $51,954.50 was used for prepetition services and expenses, not including the filing fees incurred upon filing these cases.  *See*, Application to Retain.  JW holds the retainer balance in trust and postpetition compensation paid to by JW by the Debtors is paid from the Debtors' estates.  The Application does not contain rates higher than those disclosed and approved under the Retention Order.

## VI.   PROFESSIONAL SERVICES PROVIDED BY JW TO THE DEBTORS

13.     JW assisted the Debtors in (a) providing legal advice concerning local rules, practices, and procedures relevant to numerous facets of their cases; (b) assisting with the administration of these cases; and (c) reviewing and providing comments on drafts of pleadings or other documents prepared for filing with the Court.  The following is a summary, by matter of the significant services JW rendered during the Application Period.

(a)     Case Administration: Fees: $23,698.00; Hours: 52.6.  The fees include all services rendered by JW concerning general administration of the case and also include specific

matters that are not readily classifiable into other more specific matters.  The time expended by JW includes telephone conferences with the Debtors, Debtors' co-counsel, the United States Trustee, and creditors.  This category also includes preparing for and attending first day hearings and filing various motions and notices.

| PROFESSIONAL | BILLING RATE | HOURS | TOTAL |
|---|---|---|---|
| Patricia B. Tomasco | $825.00 | 16.9 | $13,942.50 |
| Jennifer Wertz | $515.00 | 1.2 | $618.00 |
| Barbara J. Howell | $275.00 | 31.0 | $8,525.00 |
| Kendra Gradney | $175.00 | 3.5 | $612.50 |
| Total | | 52.6 | $23,698.00 |

(b)      Fee/Employment Applications:  Fees: $15,430.50; Hours: 32.9.  These fees relate to the services rendered by JW to obtain the approval and authorization for the retention of JW, Paul Weiss, Freshfields Bruckhaus Deringer LLP, Lazard & Co., Limited, Alvarez & Marsal North America, LLC, and Prime Clerk LLC as to conformity of applications to local rules and preparation and filings regarding same.

| PROFESSIONAL | BILLING RATE | HOURS | TOTAL |
|---|---|---|---|
| Patricia B. Tomasco | $825.00 | 11.3 | $9,322.50 |
| Jennifer Wertz | $515.00 | .7 | $360.50 |
| Barbara J. Howell | $275.00 | 20.9 | $5,747.50 |
| Total | | 32.9 | $15,430.50 |

(c)      Claims:  Fees: $990.00; Hours: 1.2. This category includes reviewing the reclamation demand from Grainger and responding to Grainger's demand.

| PROFESSIONAL | BILLING RATE | HOURS | TOTAL |
|---|---|---|---|
| Patricia B. Tomasco | $825.00 | 1.2 | $990.00 |
| Total | | 1.2 | $990.00 |

(d)      Plan and Disclosure Statement:  Fees: $36,042.50; Hours: 68.1.  This category includes discussions with the United States Trustee in order to resolve the objection to the plan, drafting the confirmation brief, commenting and revising the plan supplement and the

Witness and Exhibit List for the confirmation hearing, and preparing for and attending the confirmation hearing.

| PROFESSIONAL | BILLING RATE | HOURS | TOTAL |
|---|---|---|---|
| Patricia B. Tomasco | $825.00 | 25.5 | $21,037.50 |
| Kristhy Peguero | $450.00 | 18.8 | $8,460.00 |
| Barbara J. Howell | $275.00 | 23.8 | $6,545.00 |
| Total | | 68.1 | $36,042.50 |

## VII.  COMPENSATION REQUESTED

14.     In this Application, JW seeks approval of $76,161.00 in fees and $70,264.27 in expenses incurred from December 18, 2017, through February 5, 2018.  Exhibit A is the Customary and Comparable Compensation Disclosures with Fee Applications.  Exhibit B is a Summary of Timekeepers Included in this Fee Application and Exhibit C is the Budget.  Exhibit D is the Summary of Compensation Requested by Project Category.  Exhibit E is a breakdown of expenses incurred during the Application Period and Exhibit F is a detailed chart reflecting each professional's time entries by category.  The blended hourly rate for JW timekeepers is $491.99. All timekeepers who billed time to the Debtors are in the reorganization/bankruptcy section at JW.

15.     As stated in paragraph 12 of the Application, JW received a retainer in the amount of $150,000.00, of which $51,954.50 was used for prepetition fees.  JW currently holds, in trust, $98,045.50.

16.     The Application readily meets the standards of section 330 and applicable case law for compensation for services rendered on behalf of the Debtors' estates and for the administration of these cases.  The Fifth Circuit recently reorganized the contours of the requirements for allowance of compensation under section 330 in *Barron & Newburger, P.C. v. Tex. Skyline, Ltd. (In re Woerner)*, 783 F.3d 266 (5th Cir. 2015).  In Woerner, the Fifth Circuit held that a court would allow compensation to an attorney for the debtor for services that are "reasonably likely to benefit"

the estate and that a court should adjudge the reasonableness of requested compensation "at the time at which the service was rendered." *Id.*, at 273-74.  All of the compensation requested in the Application meets the requirements of section 330 as delineated by the Fifth Circuit and should be approved.

17.     JW provided necessary and beneficial services to the Debtors through assisting the Debtors in myriad ways.  The time JW spent on the services rendered and the rates charged for such services were reasonable and necessary to fully protect the Debtors estates consistent with JW's role as co-counsel and to maximize the dividend to creditors in line with the *Johnson*[2] factors adopted by the Fifth Circuit in *In re First Colonial Corp.*, 544 F.2d 1291, 1299 (5th Cir.  1977), as follows:

     **a.**      **The Time and Labor Required.**

18.     As further illustrated by the fee breakdown in the Summary Cover Sheet, the amount of time spent by JW professionals and paraprofessionals on this case for the Application Period is 154.8 hours.

     **b.**      **The Novelty and Difficulty of the Questions Presented by this Case.**

19.     This case has presented questions of fact and law relevant to both bankruptcy and applicable nonbankruptcy law particularly the implementation of a straddle, pre-packaged chapter 11 plan and its implications on case management and reporting.

---

[2]     *See*, *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).

**c.      The Skill Requisite to Perform the Legal Service Properly.**

20.      JW possesses the skill required to properly perform the legal service involved, in particular bankruptcy law expertise, as well as practice experience before this Court and knowledge of its local rules.

**d.      The Preclusion of Other Employment by the Attorneys due to Acceptance of the Case.**

21.      Attorneys at JW were necessarily precluded from employment on other cases by the size and exigency of this case.  This case moved at an expedient pace, filing the Debtors' petitions on December 18, 2017, and confirming the plan of reorganization on January 25, 2018, requiring quick attention and open availability from JW attorneys.

**e.      The Customary Fee for Similar Work in the Community.**

22.      The fees charged by JW compare favorably with fees charged by other counsel in similar cases in this jurisdiction.  JW sets its fees consistently with available market data for similarly sized and situated firms given the years of experience of each attorney.  In addition, JW employs associates, a paralegal, and a legal assistant on this case in lieu of a single attorney, resulting in a blended rate of $491.99 per hour.  JW blended rate compares very favorably with hourly rates charged by similarly-situated practitioners.

**f.      Whether the Fees are Fixed or Contingent.**

23.      JW attorneys in this case do not charge either fixed or contingent fees.

**g.      Time Pressures Imposed by the Client or the Circumstances.**

24.      The circumstances of the bankruptcy case impose time pressures due to the need to take steps to help the Debtors' case progress at an expedient pace.

Jackson Walker L.L.P.'s First and Final Application for the
Payment of Compensation and Reimbursement of Expenses
19805828v.1                                                                                          Page 12 of 16

**h.      The Amount Involved and Results Obtained as a Result of the Attorneys' Services.**

25.      As a result of JW's services, strategy, and efficiency as co-counsel, the Debtors filed for bankruptcy and had a plan confirmed within 38 days.

**i.      The Experience, Reputation, and Ability of the Attorneys.**

26.      The JW attorneys involved in the work on behalf of the Debtors represent decades of combined experience in a particular area of bankruptcy law, including representation of chapter 11 debtors such as the Debtors in this case.  The JW attorneys bring extensive experience in bankruptcy law to the Debtors' bankruptcy cases and ongoing operations and have substantial experience practicing in this Court and extensive familiarity with applicable Fifth Circuit bankruptcy law necessary for the successful prosecution of the Debtors' bankruptcy cases.

**j.      The Undesirability of the Cases.**

27.      Every debtor case carries some risks due to the uncertainty of payment stemming from the relatively unknown value of the debtors' principal assets and the debtor's ability to pay administrative fees and costs.  These cases presented no additional undesirable elements.

**k.      The Nature and Length of the Professional Relationship with the Client.**

28.      On December 15, 2017, JW received a retainer of $150,000.00 for services performed and to be performed in connection with an in contemplation of the filing of this case.

**l.      Awards in Similar Cases.**

29.      The fees herein requested are in line with fee awards approved in similar cases, by counsel with similar sophistication and experience.

30.      In conclusion, JW's services were necessary to the administration of the Debtors' estates during the Application Period and beneficial at the time the services were rendered toward the successful prosecution of the Debtors' cases.  Further, JW performed the services within a

JACKSON WALKER L.L.P.'S FIRST AND FINAL APPLICATION FOR THE
PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES
19805828v.1

PAGE 13 OF 16

reasonable amount of time commensurate with the complexity, importance, nature of the problems, issues, and tasks addressed on behalf of the Debtors' estates.  Finally, the compensation sought is reasonable based on the customary compensation charged by comparably skilled practitioners in cases under title 11 in the district.  JW requests that the Court determine that the nature, extent, and value of these services were appropriate under the circumstances at the time the services were rendered.

## VIII.   <u>STATEMENT PURSUANT TO THE US TRUSTEE GUIDELINES</u>

Pursuant to the US Trustee Guidelines, JW states as follows:

a.   Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees, or terms for services pertaining to this engagement that were provided during the application period?

**Response**:  No.

b.   If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher than 10% or more, did you discuss the reason for the variation with the Client?

**Response**:  Due to the quick turnaround of this case, JW did not provide the Debtors with a budget.

c.   Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case?

**Response**:  No.

d.   Does the fee application include time or fees related to reviewing or revising time records or preparing or revising invoices?  (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.)  If so, please quantify by hours and fees.

**Response**:  No.

e.   Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information?   If so, please quantify by hours and fees.

**Response**:  No.

  f.  If the fee application includes any rate increases since retention:

    (i)  Did your client review and approve those rate increases in advance?

    (ii)  Did your client agree when retaining the law firm to accept all future rate increases?  If not, did you inform your client that they need not to agree to modify rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11-458?

    **Response**:  The Debtors were advised, in the Engagement Letter, that JW adjusts its rates from time to time.  JW did not incur a rate increase during the Application Period.

  WHEREFORE, PREMISES CONSIDERED, Jackson Walker L.L.P. requests that this Court enter an order granting this First and Final Application for the Payment of Compensation and Reimbursement of Expenses for the Period December 18, 2017, through February 5, 2018, in the amount of $76,161.00 in fees and $70,264.27 in expenses and grant such other and further relief as is just and proper.

  Respectfully submitted this 7th day of March, 2018.

    **JACKSON WALKER L.L.P.**
    1401 McKinney Street, Suite 1900
    Houston, Texas 77010


    By:  */s/  Patricia B. Tomasco*
      Patricia B. Tomasco
      State Bar No. 01797600
      Telephone:  713-752-4276
      Facsimile:  713-752-4221
      Email: ptomasco@jw.com

      Jennifer F. Wertz
      State Bar No. 24072822
      100 Congress Avenue, Suite 1100
      Austin, Texas 78701
      Telephone: 512-236-2247
      Email: jwertz@jw.com

    **Co-Counsel for the Debtors**

## <u>CERTIFICATE</u>

I, Patricia B. Tomasco, hereby certify that I have read the foregoing First and Final Application for the Payment of Compensation and Reimbursement of Expenses for the Period December 18, 2017, through February 5, 2018, and to the best of my knowledge, information, and belief, formed after a reasonable inquiry, the compensation and expense reimbursement sought is in conformity with the general Order in the Matter of Procedures for Complex Chapter 11 Cases except as specifically noted in the Application, and the compensation and expense reimbursement requested are billed at rates in accordance with practices no less favorable than those customarily employed by Jackson Walker L.L.P. and generally accepted by the Jackson Walker L.L.P. clients.

*/s/  Patricia B. Tomasco*
Patricia B. Tomasco

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

ENTERED
01/22/2018

| | |
|---|---|
| In re: | Chapter 11 |
| EXPRO HOLDINGS US INC., *et al.*,[1] | Case No. 17-60179 (DRJ) |
| Debtors. | (Jointly Administered) |

**ORDER GRANTING THE APPLICATION OF DEBTORS-IN-POSSESSION TO
EMPLOY JACKSON WALKER L.L.P. AS CO-COUNSEL FOR DEBTORS**
(Relates to Docket No. 153)

CAME ON FOR CONSIDERATION, the Application of Debtors-in-Possession to Employ Jackson Walker L.L.P. as Co-Counsel for Debtors (the "Application") filed by Expro Holdings US Inc. and the related entities (collectively, the "Debtors"). The Court, having reviewed the Application and the supporting documents thereto, and finding that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, that the Application was properly filed and served, that this is a core proceeding pursuant to 28 U.S.C. § 157(b), and based upon good and sufficient cause appearing therefor; it is hereby

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, if applicable, are as follows: Expro Holdings US, Inc. (9304); Exploration and Production Services (Holdings) Ltd (4457); Expro (B) Sdn Bhd (BN) (4498); Expro Americas, LLC (6756); Expro Benelux Ltd. (4470); Expro do Brasil Servicos Ltda (5788); Expro Eurasia Ltd. (4463); Expro FinServices Sarl (5691); Expro Group Australia PTY Ltd. (4495); Expro Group Canada Inc. (1672); Expro Gulf Ltd. (4486); Expro Holdings Australia 1 PTY Ltd. (4386); Expro Holdings Australia 2 PTY Ltd. (4387); Expro Holdings Norway AS (2951); Expro Holdings UK 2 Ltd. (5169); Expro Holdings UK 3 Ltd (5168); Expro Holdings UK 4 Ltd. (5167); Expro International BV (4476); Expro International Group Holdings Ltd. (5170); Expro International Group Ltd. (4453); Expro International Ltd. (4461); Expro Meters Inc. (1666); Expro North Sea Ltd. (4460); Expro Norway AS (1675); Expro Overseas Inc. (4481); Expro OverseasLtd. (4489); Expro Resources Ltd. (4472); Expro Servicos S de R L de C.V. (1674); Expro Tool S de R L de C.V. (1673); Expro Trinidad Ltd.; Expro US Finco LLC (7558); Expro US Holdings,LLC (1005); Expro Worldwide BV (1668); Exprotech Nigeria Ltd. (4478); Petrotech AS (5875); Petrotech BV (5888); PT Expro Indonesia (4491). The location of the Debtors' registered office is 14-16 Cross Street, 3rd Floor, Reading, Berkshire, RG1 1SN, United Kingdom.

19604868v.2 151756/00001

Exhibit 1

ORDERED, ADJUDGED, AND DECREED that the Debtors shall be, and are hereby, authorized to employ Jackson Walker L.L.P. as co-counsel upon the terms and conditions set forth in the Application; it is further

ORDERED that Jackson Walker L.L.P. shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable procedures and orders of the Court. Jackson Walker L.L.P. will also comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013, both in connection with this Application and interim and final fee applications to be filed by Jackson Walker L.L.P. in these chapter 11 cases. Jackson Walker will use its best efforts to avoid any duplication of services provided by any of the Debtors' other Chapter 11 Professionals in these chapter 11 cases; and it is further

ORDERED that Jackson Walker L.L.P. shall provide ten business days' notice to the Debtors, the U.S. Trustee, and any official committee before any increases in the rates set forth in the Application or the Engagement Letter are billed and shall file such notice with the Court. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in § 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to § 330 of the Bankruptcy Code.

**Signed:  January 19, 2018**

DAVID R. JONES
**UNITED STATES BANKRUPTCY JUDGE**

**EXHIBIT A**
**CUSTOMARY AND COMPARABLE COMPENSATION DISCLOSURES WITH FEE APPLICATIONS**

| CATEGORY OF TIMEKEEPER | BLENDED HOURLY RATE | |
|---|---|---|
| (using categories already maintained by the firm) | BILLED OR COLLECTED<br>Firm or offices for preceding year<br>excluding bankruptcy | BILLED<br>In this fee application |
| Equity Partner/Shareholder | $ 598.00 | $ 825.00 |
| Non-Equity Partner/Shareholder | $ 502.00 | N/A |
| Counsel | $ 349.00 | $ 450.00 |
| Associate | $ 349.00 | $ 515.00 |
| Staff Attorney | $ 206.00 | N/A |
| Paralegal | $ 215.00 | $ 275.00 |
| Legal Assistant | $ 175.00 | $ 175.00 |
| All timekeepers aggregated | $ 444.00 | $ 448.00 |

Case Name: Expro Holdings US Inc., *et al* .
Case Number: 17-60179
Applicant's Name: Jackson Walker L.L.P.
Date of Application:  March 7, 2018
Interim or Final: First and Final

**EXHIBIT B**
**SUMMARY OF TIMEKEEPERS INCLUDED IN THIS FEE APPLICATION**

| NAME | TITLE OR POSITION | DEPARTMENT, GROUP, OR SECTION | DATE OF FIRST ADMISSION | FEES BILLED IN THIS APPLICATION | HOURS BILLED IN THIS APPLICATION | HOURLY RATE BILLED IN THIS APPLICATION | HOURLY RATE BILLED IN FIRST INTERIM APPLICATION | NUMBER OF RATE INCREASES SINCE CASE INCEPTION |
|---|---|---|---|---|---|---|---|---|
| Patricia B. Tomasco | Partner | Bankruptcy | 11/10/88 | $ 45,292.50 | 54.9 | $ 825.00 | N/A | N/A |
| Jennifer Wertz | Associate | Bankruptcy | 11/04/11 | $ 978.50 | 1.9 | $ 515.00 | N/A | N/A |
| Kristhy Peguero | Senior Counsel | Bankruptcy | 12/15/06 | $ 8,460.00 | 18.8 | $ 450.00 | N/A | N/A |
| Barbara J. Howell | Paralegal | Bankruptcy | N/A | $ 20,817.50 | 75.7 | $ 275.00 | N/A | N/A |
| Kendra Gradney | Legal Assistant | Bankruptcy | N/A | $ 612.50 | 3.5 | $ 175.00 | N/A | N/A |

Case Name: Expro Holdings US Inc., *et al*.
Case Number: 17-60179
Applicant's Name: Jackson Walker L.L.P.
Date of Application: March 7, 2018
Interim or Final: First and Final

**EXHIBIT C-1**
**BUDGET**

If the parties consent or the court so directs, a budget approved by the client in advance should generally be attached to each interim and final fee application filed by the applicant.  If the fees sought in the fee application vary by more than 10% from the budget, the fee application should explain the variance.

| PROJECT CATEGORY | ESTIMATED HOURS | ESTIMATED FEES |
|---|---|---|
| Asset Analysis and Recovery | | |
| Asset Disposition | | |
| Assumption and Rejection of Leases and Contracts | | |
| Avoidance Action Analysis | | |
| Budgeting (Case) | | |
| Business Operations | | |
| Case Administration | | |
| Claims Administration and Objections | | |
| Corporate Governance and Board Matters | | |
| Employee Benefits and Pensions | | |
| Employment and Fee Applications | | |
| Employment and Fee Application Objections | | |
| Financing and Cash Collateral | | |
| Litigation: Contested Matters and Adversary Proceedings (not otherwise within a specific project category) - identify each separately by caption and adversary number, or title of motion or application and docket number) | | |
| Meeting and Communications with Creditors | | |
| Non-Working Travel | | |
| Plan and Disclosure Statement | | |
| Real Estate | | |
| Relief from Stay and Adequate Protection | | |
| Reporting | | |
| Tax | | |
| Valuation | | |
| **Total** | | |

Case Name: Expro Holdings US Inc., *et al* .
Case Number:  17-60179
Applicant's Name:  Jackson Walker L.L.P.
Date of Application:  March 7, 2018
Interim or Final:  First and Final

**EXHIBIT D-1**
**SUMMARY OF COMPENSATION REQUESTED BY PROJECT CATEGORY**

| PROJECT CATEGORY | HOURS BUDGETED | FEES BUDGETED | HOURS BILLED | FEES SOUGHT |
|---|---|---|---|---|
| Asset Analysis and Recovery | | | | |
| Asset Disposition | | | | |
| Assumption and Rejection of Leases and Contracts | | | | |
| Avoidance Action Analysis | | | | |
| Budgeting (Case) | | | | |
| Business Operations | | | | |
| Case Administration | | | 52.6 | $ 23,698.00 |
| Claims Administration and Objections | | | 1.2 | $ 990.00 |
| Corporate Governance and Board Matters | | | | |
| Employee Benefits and Pensions | | | | |
| Employment and Fee Applications | | | 32.9 | $ 15,430.50 |
| Employment and Fee Application Objections | | | | |
| Financing and Cash Collateral | | | | |
| Litigation: Contested Matters and Adversary Proceedings (not otherwise within a specific project category) - identify each separately by caption and adversary number, or title of motion or application and docket number) | | | | |
| Meeting and Communications with Creditors | | | | |
| Non-Working Travel | | | | |
| Plan and Disclosure Statement | | | 68.1 | $ 36,042.50 |
| Real Estate | | | | |
| Relief from Stay and Adequate Protection | | | | |
| Reporting | | | | |
| Tax | | | | |
| Valuation | | | | |
| **Total** | | | 154.8 | $ 76,161.00 |

Case Name: Expro Holdings US Inc., *et al* .
Case Number: 17-60179
Applicant's Name: Jackson Walker L.L.P.
Date of Application: March 7, 2018
Interim or Final: First and Final

**EXHIBIT E**
**EXPENSES**

| | | |
|---|---|---:|
| Business Meals | $ | 87.18 |
| Color Imaging | $ | 594.15 |
| Copying Cost | $ | 3,397.40 |
| Delivery Fees | $ | 36.94 |
| Hotel | $ | 462.18 |
| Lexis Research | $ | 107.13 |
| Mileage Expense | $ | 167.99 |
| Postage | $ | 18.25 |
| Research Services | $ | 129.50 |
| Taxi Expense | $ | 900.75 |
| Filing Fees for Voluntary Petitions | $ | 63,529.00 |
| Hearing Transcripts | $ | 847.00 |
| Total | $ | 70,277.47 |



## JW | Jackson Walker LLP

ATTORNEYS & COUNSELORS

**Remit by mail to:**
P. O. Box 130989
Dallas, Tx 75313-0989

**Remit by wire or ACH to:**
Bank of America, N.A. Acct # 0180472852
Wire Routing # 026009593
ACH Routing # 111000025
Int'l use only:   Swift Code: BOFAUS3N

**Federal Tax ID: 75-0764921**

**Payment due upon receipt.  Please include Invoice No. with remittance.**

| Ref No.: 151756-00001-PBT2 | | Invoice No: 1588087 |
|---|---|---|
| (512)236-2093/sbedinghaus@jw.com | Page 1 | Invoice Date: 03/05/18 |

Expro Holdings UK 3 Limited
Attention:  John McAlister
738 Highway 6 South 1000
Houston, TX  77079

**Re:**     **Restructuring**

**FOR LEGAL SERVICES RENDERED** and expenses incurred in connection with the above-referenced matter for the period ending February 5, 2018:

## INVOICE SUMMARY

| | |
|---|---|
| Total Fees | $76,161.00 |
| Total Expenses | 70,264.27 |
| **Total Due This Invoice:** | **$146,425.27** |

| Reference No.: | | Invoice No: 1588087 |
|---|---|---|
| 151756-00001-PBT2 | Page 2 | Invoice Date: 03/05/18 |

**TIME DETAIL:**

| Date | Timekeeper | Hours | Amount | Description |
|---|---|---|---|---|
| **Case Administration:** | | | | |
| 12/18/17 | P. Tomasco | 0.2 | 165.00 | Exchange emails with H. Duran and S. Statham (both with the Office of the United States Trustee) regarding redaction issues on the matrix motion. |
| 12/18/17 | P. Tomasco | 0.5 | 412.50 | Research data protection act parameters. |
| 12/18/17 | P. Tomasco | 1.7 | 1,402.50 | Review status of filing the first day motions and related issues (1.); exchange emails with attorneys from Paul Weiss to coordinate the filing of the first day motions (.7). |
| 12/18/17 | J. Wertz | 1.0 | 515.00 | Assist with filing Voluntary Petitions and first day motions. |
| 12/18/17 | B. Howell | 5.0 | 1,375.00 | Assist with filing the Voluntary Petitions and first day pleadings. |
| 12/19/17 | P. Tomasco | 1.6 | 1,320.00 | Review pleading notebooks and exhibit notebooks for first day hearings (1.1); coordinate delivery of pleading notebooks to the United States Trustee (.5). |
| 12/19/17 | P. Tomasco | 0.1 | 82.50 | Forward additional information to the United States Trustee as requested. |
| 12/19/17 | P. Tomasco | 5.7 | 4,702.50 | Prepare for (2.) and attend first day hearings on first day motions (2.); follow up with revised forms of order as requested by the Court (1.7). |
| 12/19/17 | B. Howell | 10.5 | 2,887.50 | Continue to prepare for first day hearings (8.5) and attend first day hearings to assist attorneys (2.). |
| 12/20/17 | P. Tomasco | 0.7 | 577.50 | Coordinate filing of the consolidated top 35 unsecured creditors' list as permitted by Court order. |
| 12/20/17 | B. Howell | 6.5 | 1,787.50 | Review all documents and orders entered on the docket from the first day hearings. |
| 12/20/17 | K. Gradney | 3.5 | 612.50 | Compile list of top 35 unsecured creditors, corporate ownership statement, and declarations in support of Voluntary Petitions for all Debtors for filing with the Court. |
| 12/21/17 | P. Tomasco | 1.1 | 907.50 | Work on issues related to uploading the matrix with redacted names and addresses of individuals and whether separate verification is needed. |
| 12/21/17 | B. Howell | 1.0 | 275.00 | Complete the Declaration for Electronic Filing of Bankruptcy Petition and Master Mailing List (Matrix) with the case number for each Debtor (.3) and submit to the Bankruptcy Court (.7). |
| 12/21/17 | B. Howell | 1.6 | 440.00 | Review all documents filed with the Bankruptcy Court on late December 20th and on December 21st. |

| Reference No.: | | | | Invoice No: 1588087 |
| --- | --- | --- | --- | --- |
| 151756-00001-PBT2 | | Page 3 | | Invoice Date: 03/05/18 |

| Date | Timekeeper | Hours | Amount | Description |
| --- | --- | --- | --- | --- |
| 12/22/17 | J. Wertz | 0.2 | 103.00 | Correspond with B. Howell concerning the Declaration for filing the Creditor Matrix. |
| 12/22/17 | B. Howell | 0.3 | 82.50 | File the Creditor Matrix for the Expro cases. |
| 12/28/17 | B. Howell | 0.3 | 82.50 | Telephone call with Leslie Phillips (creditor in Expro) regarding the status of the bankruptcy. |
| 12/29/17 | P. Tomasco | 1.6 | 1,320.00 | Review and research issues surrounding errant Court notice of non-payment of filing fees. |
| 01/03/18 | B. Howell | 0.3 | 82.50 | Telephone call with Michelle from IHS Global Limited regarding filing a proof of claim in the Expro bankruptcy case. |
| 01/03/18 | B. Howell | 0.4 | 110.00 | Telephone call with Brenda at the Bankruptcy Clerk's office regarding docket entry stating that a mailing matrix was not filed (.3); draft email to M. Cavenaugh and P. Tomasco to relay information received from the Clerk's office (.1). |
| 01/08/18 | P. Tomasco | 1.1 | 907.50 | Work with the Court to correct payment dismissal error (.8) and communications with Seadrill regarding same (.4). |
| 01/08/18 | B. Howell | 0.3 | 82.50 | Telephone conference with Mike Perkin regarding an invoice to Expro Senegal and the fact that Expro Senegal is not listed as a Debtor. |
| 01/08/18 | B. Howell | 0.2 | 55.00 | Discussion with P. Tomasco regarding Expro Senagal and Mr. Perkin's phone call (.1); draft an email to Mr. Perkin regarding his claim (.1). |
| 01/09/18 | P. Tomasco | 0.4 | 330.00 | Emails with A. Woolverton (Paul Weiss) regarding Monthly Operating Reports and filing of same. |
| 01/10/18 | P. Tomasco | 0.2 | 165.00 | Review and respond to creditor inquiries. |
| 01/10/18 | B. Howell | 0.4 | 110.00 | File the Notice of Filing of the Rights Offering Procedures (.3) and forward a file-stamped copy to Sarah Harnett and Miriam Levi (Paul Weiss) (.1). |
| 01/12/18 | P. Tomasco | 0.2 | 165.00 | Exchange emails with M. Levi (Paul Weiss) regarding procedures for proposed final orders on first day motions. |
| 01/12/18 | B. Howell | 0.4 | 110.00 | Research what motions are set for hearing on January 25th (.2) and draft an email responding to Miriam Levi's email (Paul Weiss) (.2). |
| 01/19/18 | P. Tomasco | 0.9 | 742.50 | Emails with S. Statham (United States Trustee) regarding bridge/mootness order to resolve section 345 motion. |

Reference No.:                                                                              Invoice No: 1588087

151756-00001-PBT2                          Page 4                          Invoice Date: 03/05/18

| Date | Timekeeper | Hours | Amount | Description |
|------|-----------|-------|--------|-------------|
| 01/22/18 | B. Howell | 2.3 | 632.50 | Communications with Sarah Harnett and Kellie Cairns (Paul Weiss) regarding the Agenda and Witness/Exhibit List needed for the January 25th hearing (.3); review courtroom minutes of December 19th to verify what is set for hearing and which motions had final orders entered (.2); review the Agenda to verify all pleadings are listed (.3); obtain copies of all documents listed on the Agenda (needed for pleading notebooks) (1.5). |
| 01/22/18 | B. Howell | 0.4 | 110.00 | Revise the Agenda to incorporate the comments of Miriam Levi (.3) and forward revised Agenda to Ms. Levi for her approval (.1). |
| 01/29/18 | P. Tomasco | 0.9 | 742.50 | Respond to emails regarding payment of fees due the United States Trustee. |
| 01/30/18 | B. Howell | 0.4 | 110.00 | Review letter and invoices received from Rogers Rogers Moyse on behalf of D.C.H. Crane Rentals Limited (.2) and draft a response (.2). |
| 02/05/18 | B. Howell | 0.7 | 192.50 | Finalize the Notice of (I) Entry of Order Approving the Debtors' Disclosure Statement and Confirming the Debtors' Joint Prepackaged Chapter 11 Plan of Reorganization and (II) the Occurrence of the Effective Date (.1) and file same (.3); review the Plan for all dates triggered by the Effective Date and calendar same (.3). |
| Total Case Administration | | 52.6 | $ 23,698.00 | |

**Fee/Employment Applications:**

| Date | Timekeeper | Hours | Amount | Description |
|------|-----------|-------|--------|-------------|
| 12/20/17 | B. Howell | 1.8 | 495.00 | Draft the Application to Retain Jackson Walker L.L.P. as Co-Counsel to the Debtors. |
| 12/21/17 | P. Tomasco | 0.6 | 495.00 | Review and revise drafts of the retention applications of Lazard & Co., Alvarez & Marsal North America, LLC, Freshfields, Bruckhaus Deringer LLP, and Paul Weiss Rifkind Wharton & Garrison. |
| 12/21/17 | P. Tomasco | 0.3 | 247.50 | Email correspondence with J. McAlister (Expro Holdings) regarding authorizing his signature on the Application of Debtors-in-Possession to Employ Jackson Walker L.L.P. as Co-Counsel for Debtors and the Declaration of John McAlister in Support of  the Debtors' Application of Debtors-in-Possession to Employ Jackson Walker L.L.P. as Co-Counsel for Debtors. |
| 12/21/17 | P. Tomasco | 0.4 | 330.00 | Email exchange with Steve Fruchter (Freshfields Bruckhaus Deringer LLP) regarding the retention application to be filed by Freshfields. |

Reference No.:                                         Invoice No: 1588087

151756-00001-PBT2                 Page 5              Invoice Date: 03/05/18

| Date | Timekeeper | Hours | Amount | Description |
|------|-----------|-------|--------|-------------|
| 12/21/17 | B. Howell | 1.6 | 440.00 | Draft the Declaration of P. Tomasco (.6); the Declaration of John McAlister (.6); and the proposed Order (.4) for the Application to Retain Jackson Walker L.L.P. as Co-Counsel. |
| 12/22/17 | J. Wertz | 0.7 | 360.50 | Review and comment on the Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Freshfields Bruckhaus Deringer LLP as Special Corporate Counsel Nunc Pro Tunc to the Petition Date. |
| 12/22/17 | B. Howell | 1.0 | 275.00 | Exchange numerous emails with J. McAlister regarding his signature on the retention pleadings and declarations (.3); exchange emails and telephone conferences with S. Fruchter (Freshfields) regarding the retention pleadings to be filed by Freshfields (.4); revise retention pleading to be filed on behalf of Freshfields to conform to the Local Rules (.3). |
| 12/27/17 | B. Howell | 0.7 | 192.50 | Prepare Exhibit 1 for Tomasco Declaration. |
| 12/28/17 | P. Tomasco | 1.1 | 907.50 | Further review and revisions to the drafts of the retention applications of Lazard & Co., Alvarez & Marsal North America, LLC, Freshfields, Bruckhaus Deringer LLP, and Paul Weiss Rifkind Wharton & Garrison. |
| 12/28/17 | P. Tomasco | 1.6 | 1,320.00 | Email exchange with K. Gradney and B. Howell (Jackson Walker) to coordinate the assembly of the final Exhibit 1 to the Declaration of Patricia B. Tomasco in Support of the Application of Debtors-in-Possession to Employ Jackson Walker L.L.P. as Co-Counsel for Debtors (.4); review the Declaration of John McAlister in Support of the Debtors' Application of Debtors-in-Possession to Employ Jackson Walker L.L.P. as Co-Counsel for Debtors and the completed Declaration of Patricia B. Tomasco in Support of the Application of Debtors-in-Possession to Employ Jackson Walker L.L.P. as Co-Counsel for Debtors (1.2). |
| 12/28/17 | B. Howell | 1.1 | 302.50 | Revise Exhibit 1 to the Declaration of Patricia B. Tomasco. |
| 12/29/17 | P. Tomasco | 1.2 | 990.00 | Review and coordinate finalization and filing of multiple retention applications of professionals. |
| 12/29/17 | B. Howell | 0.6 | 165.00 | Revise the Declaration of Patricia B. Tomasco and corresponding exhibits to the Declaration (exhibit to Application of Debtors-in-Possession to Employ Jackson Walker L.L.P. as Co-Counsel for Debtors). |

Reference No.:                                                                                      Invoice No: 1588087

151756-00001-PBT2                              Page 6                              Invoice Date: 03/05/18

| Date | Timekeeper | Hours | Amount | Description |
|------|-----------|-------|--------|-------------|
| 12/29/17 | B. Howell | 1.6 | 440.00 | Finalize and file the retention applications on behalf of Paul, Weiss, Rifkind, Wharton & Garrison LLP, Jackson Walker L.L.P., Freshfields Bruckhaus Deringer LLP, Alavarez & Marsal North America, LLC, and Lazard & Co., Limited (1.2); forward copies of same to Sarah Harnett, Alexander Woolverton, Sharad Thaper, and Steven Fruchter (.2); forward copies to Prime Clerk for service (.2). |
| 01/02/18 | P. Tomasco | 0.3 | 247.50 | Review and coordinate filing of the Notice of Professional Fees, Expenses and Disbursements of First Lien Group. |
| 01/02/18 | B. Howell | 0.3 | 82.50 | File the Notice of Professional Fees, Expenses and Disbursements of First Lien Group. |
| 01/03/18 | B. Howell | 0.4 | 110.00 | Finalize and file the Supplemental Declaration of Ari Lefkovits in Support of Debtors' Application for Entry of an Order Authorizing the Employment and Retention of Lazard & Co., Limited as Investment Banker to the Debtors (.3); forward file-stamped copy to attorneys at Paul Weiss (.1). |
| 01/04/18 | P. Tomasco | 1.3 | 1,072.50 | Draft Supplemental Declaration of Patricia B. Tomasco in Support of the Application of Debtors-in-Possession to Employ Jackson Walker L.L.P. as Co-Counsel for Debtors after reviewing updated information. |
| 01/08/18 | P. Tomasco | 0.8 | 660.00 | Review status of retention orders with Paul Weiss and Court personnel. |
| 01/09/18 | P. Tomasco | 0.9 | 742.50 | Review email from S. Statham (United States Trustee) (.1); incorporate requested change to the proposed Order Granting the Application of Debtors-in-Possession to Employ Jackson Walker L.L.P. as Co-Counsel for Debtors (.5) and upload proposed Order (.3). |
| 01/09/18 | P. Tomasco | 1.1 | 907.50 | Review and revise Supplemental Declaration of Patricia B. Tomasco in Support of the Application of Debtors-in-Possession to Employ Jackson Walker L.L.P. as Co-Counsel for Debtors (.9) and review of other supplemental declarations (.2). |
| 01/12/18 | P. Tomasco | 0.7 | 577.50 | Review and revise proposed retention orders to conform to local practice. |

Reference No.:                                                      Invoice No: 1588087

151756-00001-PBT2                    Page 7              Invoice Date: 03/05/18

| Date | Timekeeper | Hours | Amount | Description |
|---|---|---|---|---|
| 01/12/18 | B. Howell | 0.6 | 165.00 | Finalize (.1) and file the Supplemental Declaration of Brian S. Hermann in Support of Debtors' Application for Entry of an Order (A) Authorizing the Retention and Employment of Paul, Weiss, Rifkind, Wharton & Garrison LLP as Attorneys to the Debtors and Debtors in Possession, Effective Nunc Pro Tunc to the Petition Date and the Proposed Order Authorizing the Retention and Employment of Paul, Weiss, Rifkind, Wharton & Garrison LLP as Attorneys for the Debtors and Debtors in Possession Effective Nunc Pro Tunc to the Petition Date (.4); forward file-stamped documents to attorneys at Paul Weiss for their records (.1). |
| 01/17/18 | P. Tomasco | 0.4 | 330.00 | Coordinate uploading suite of updated retention orders (.2) and discuss timing with Court personnel (.2). |
| 01/18/18 | P. Tomasco | 0.6 | 495.00 | Coordinate preparation of a chart reflecting the retention applications filed and revised proposed orders for all professionals (.2); exchange emails with A. Alonzo (Judge Jones's Court) regarding getting orders entered (.4). |
| 01/18/18 | B. Howell | 0.9 | 247.50 | Finalize (.2) and file the proposed Order Authorizing the Retention and Employment of Alvarez & Marsal North America, LLC as Restructuring Advisor for the Debtors Nunc Pro Tunc to the Petition Date (.2); finalize (.2) and file the proposed Order (A) Authorizing the Employment and Retention of Lazard & Co., Limited as Investment Banker to the Debtors (.2); forward file- stamped copies of both to attorneys at Paul Weiss for their files (.1). |
| 01/18/18 | B. Howell | 0.6 | 165.00 | Review Pacer docket and draft a chart reflecting retention pleadings filed in the bankruptcy case and the revised proposed orders. |
| 01/22/18 | B. Howell | 0.3 | 82.50 | Review the retention orders executed by Judge Jones and entered on the docket (.2) and forward same to attorneys at Paul Weiss (.1). |
| 01/26/18 | B. Howell | 0.9 | 247.50 | Begin to review documents necessary to draft the First and Final Fee Application on behalf of Jackson Walker. |
| 01/29/18 | B. Howell | 7.6 | 2,090.00 | Begin to draft the First and Final Application for the Payment of Compensation and Reimbursement of Expenses. |
| 02/05/18 | B. Howell | 0.9 | 247.50 | Continue to draft the First and Final Fee Application (.3); draft the proposed Order (.3) and the Notice of the First and Final Fee Application (.3). |
| Total Fee/Employment Applications | | 32.9 | $ 15,430.50 | |

| Reference No.: | | Invoice No: 1588087 |
|---|---|---|
| 151756-00001-PBT2 | Page 8 | Invoice Date: 03/05/18 |

| Date | Timekeeper | Hours | Amount | Description |
|---|---|---|---|---|
| **Claims Administration and Objections:** | | | | |
| 01/08/18 | P. Tomasco | 0.9 | 742.50 | Review reclamation demand from Grainger (.3); emails with A. Woolverton (Paul Weiss) regarding same (.4); coordinate drafting of the response letter (.2). |
| 01/10/18 | P. Tomasco | 0.3 | 247.50 | Finalize letter to Grainger regarding reclamation claim. |
| Total Claims Administration and Objections | | 1.2 | $ 990.00 | |
| **Plan and Disclosure Statement (including Business Plan):** | | | | |
| 01/09/18 | P. Tomasco | 0.8 | 660.00 | Telephone conferences with K. Cairns (Paul Weiss) regarding confirmation hearing preparation and exhibits (.4); retrieve and forward prior proffers for examples (.4). |
| 01/09/18 | P. Tomasco | 0.4 | 330.00 | Emails with K. Cairns (Paul Weiss) regarding the draft Notice of Filing of Plan Supplement for the Joint Prepackaged Chapter 11 Plan of Reorganization. |
| 01/10/18 | P. Tomasco | 1.3 | 1,072.50 | Telephone conference with K. Cairns (Paul Weiss) (.3); retrieve and forward relevant transcripts to K. Cairns (.3); review issue of multiple motions being wrapped into confirmation order and emails regarding same (.7). |
| 01/10/18 | P. Tomasco | 0.2 | 165.00 | Review and coordinate filing of Notice of Filing of the Rights Offering Procedures. |
| 01/10/18 | P. Tomasco | 0.5 | 412.50 | Telephone conference with A. Woolverton (Paul Weiss) regarding confirmation procedures. |
| 01/10/18 | P. Tomasco | 2.1 | 1,732.50 | Review and edit proposed confirmation order (1.8); email to K. Cairns (Paul Weiss) regarding same (.3). |
| 01/12/18 | P. Tomasco | 0.4 | 330.00 | Prepare for and participate in conference call with attorneys from Paul Weiss regarding reporting and other matters in light of confirmation. |
| 01/15/18 | P. Tomasco | 0.2 | 165.00 | Comment on proposed notice language. |
| 01/17/18 | P. Tomasco | 0.9 | 742.50 | Emails with attorneys from Paul Weiss regarding timing of the Notice of Filing of Plan Supplement (.5); telephone conference with K. Cairns and S. Harnett regarding confirmation hearing preparation (.4). |
| 01/18/18 | P. Tomasco | 0.3 | 247.50 | Conference with S. Statham (United States Trustee) regarding extension of time to object to plan confirmation (.2); confirm with A. Eaton (Paul Weiss) (.1). |

Reference No.:                                                                                          Invoice No: 1588087

151756-00001-PBT2                              Page 9                                Invoice Date: 03/05/18

| Date | Timekeeper | Hours | Amount | Description |
|------|-----------|-------|--------|-------------|
| 01/18/18 | P. Tomasco | 0.4 | 330.00 | Coordinate filing and service of the Declaration of James Daloia of Prime Clerk LLC Regarding Solicitation of Votes and Tabulation of Ballots Cast on the Joint Prepackaged Chapter 11 Plan of Reorganization. |
| 01/19/18 | P. Tomasco | 0.7 | 577.50 | Review and coordinate edits to confirmation brief. |
| 01/19/18 | K. Peguero | 3.2 | 1,440.00 | Review and revise draft confirmation brief. |
| 01/19/18 | K. Peguero | 1.6 | 720.00 | Review the Disclosure Statement, Joint Prepackaged Chapter 11 Plan of Reorganization, and Solicitation Motion. |
| 01/20/18 | P. Tomasco | 0.9 | 742.50 | Review and edit revised confirmation brief and forward to K. Cairns. |
| 01/20/18 | K. Peguero | 1.9 | 855.00 | Research regarding controlling law regarding releases. |
| 01/21/18 | K. Peguero | 0.4 | 180.00 | Continue research regarding controlling release standard. |
| 01/22/18 | P. Tomasco | 0.9 | 742.50 | Review and analyze the Limited Objection to the Disclosure Statement and Joint Prepackaged Chapter 11 Plan of Reorganization filed by the United States Trustee (.6); prepare for and participate in conference call with attorneys from Paul Weiss to discuss response to same (.3). |
| 01/22/18 | P. Tomasco | 0.9 | 742.50 | Coordinate drafting of the Witness and Exhibit List (.4) and emails with co-counsel regarding deadlines for same (.5). |
| 01/22/18 | K. Peguero | 0.2 | 90.00 | Review the Limited Objection to the Disclosure Statement and Joint Prepackaged Chapter 11 Plan of Reorganization of Expro Holdings US Inc. and its Affiliated Debtors filed by the United States Trustee. |
| 01/22/18 | K. Peguero | 0.3 | 135.00 | Review and comment on draft Witness and Exhibit List (.2) and correspondence with attorneys at Paul Weiss regarding same (.1). |
| 01/22/18 | K. Peguero | 0.2 | 90.00 | Correspondence with  P. Tomasco regarding release standard (.1); telephone conference with K. Cairns (Paul Weiss) regarding same (.1). |

Reference No.:                                                                                          Invoice No: 1588087

151756-00001-PBT2                                    Page 10                                      Invoice Date: 03/05/18

| Date | Timekeeper | Hours | Amount | Description |
|------|-----------|-------|--------|-------------|
| 01/23/18 | P. Tomasco | 4.9 | 4,042.50 | Finalize and file the Witness and Exhibit List (.5); coordinate service of same (.1); emails with S. Statham regarding the limited objection filed by the United States Trustee to the Plan and Disclosure Statement and resolution of same (.8); coordinate drafting of argument outline (.5); coordinate filing of revised cash management order (.2); telephone conference with S. Statham regarding objection (.5); review and comment on revised confirmation order (1.2); emails with co-counsel regarding format for revised proposed orders (.6); coordinate uploading of revised proposed orders (.5). |
| 01/23/18 | K. Peguero | 4.1 | 1,845.00 | Review the Limited Objection to the Disclosure Statement and Joint Prepackaged Chapter 11 Plan of Reorganization filed by the United States Trustee (.9); review the related case law (1.2), and draft argument outline for Debtors' response (2.). |
| 01/23/18 | K. Peguero | 1.1 | 495.00 | Review Solicitation Motion, Procedures Order, and affidavits. |
| 01/23/18 | K. Peguero | 0.6 | 270.00 | Review revised confirmation brief. |
| 01/23/18 | B. Howell | 10.1 | 2,777.50 | Work with attorneys from Paul Weiss and Jackson Walker to finalize and file numerous pleadings for the upcoming hearings on January 25th (8.2); review and revise Witness and Exhibit List for January 25th hearings (.6) and file same (.4); obtain all pleadings reflected on the Witness and Exhibit List to forward to all parties who filed objections to the Plan of Reorganization (.7); draft email to Taxing Authorities and United States Trustee forwarding Witness and Exhibit List and corresponding exhibits (.2). |
| 01/24/18 | P. Tomasco | 2.8 | 2,310.00 | Prepare for and meet with co-counsel and Seadrill regarding preparation for hearing on confirmation and review argument for response to the objection filed by the United States Trustee. |
| 01/24/18 | K. Peguero | 1.0 | 450.00 | Revise draft argument outline for Debtors' response to the Limited Objection to the Disclosure Statement and Joint Prepackaged Chapter 11 Plan of Reorganization filed by the United States Trustee (1.0) |
| 01/24/18 | K. Peguero | 1.4 | 630.00 | Review evidence in support of Debtors' response to the Limited Objection to the Disclosure Statement and Joint Prepackaged Chapter 11 Plan of Reorganization filed by the United States Trustee. |
| 01/24/18 | B. Howell | 6.9 | 1,897.50 | Continue to prepare for the confirmation hearing scheduled for January 25th, 2018. |

Reference No.:                                      Invoice No: 1588087

151756-00001-PBT2                Page 11              Invoice Date: 03/05/18

| Date | Timekeeper | Hours | Amount | Description |
|---|---|---|---|---|
| 01/25/18 | P. Tomasco | 6.9 | 5,692.50 | Prepare for and meet with co-counsel and Seadrill to prepare for confirmation (5.9); attend and prosecute hearing to confirm plan and approve disclosure statement (1.0). |
| 01/25/18 | K. Peguero | 2.8 | 1,260.00 | Prepare for (1.8) and attend the confirmation hearing (1.) |
| 01/25/18 | B. Howell | 6.5 | 1,787.50 | Continue to assist attorneys to prepare for confirmation hearing (5.1); attend confirmation hearing (1.); complete transcript order form of the confirmation hearing (.1) and file same with the Court (.3). |
| 01/25/18 | B. Howell | 0.3 | 82.50 | Review orders executed by Judge Jones after the confirmation hearing. |
| Total Plan and Disclosure Statement (including Business Plan) | | 68.1 | $ 36,042.50 | |

**Total Fees**                                                 $76,161.00

Expenses:

| | |
|---|---|
| Business Meals | 87.18 |
| Color Imaging Expense | 594.15 |
| Copying Expense | 3,384.20 |
| Delivery Fees | 36.94 |
| Hotel | 462.18 |
| Lexis Research | 107.13 |
| Mileage Expense | 167.99 |
| Postage | 18.25 |
| Research Services | 129.50 |
| Taxi Expense | 900.75 |
| Filing Fee -VENDOR: Jennifer F. Wertz INVOICE#: ER272661 DATE: 12/18/2017 | 15,453.00 |
| Filing Fee - filing fees | |

| | |
|---|---|
| Filing Fee -VENDOR: Patty Tomasco INVOICE#: ER272663 DATE: 12/18/2017 | 3,434.00 |
| Filing Fee - filing fees | |
| Filing Fee -VENDOR: Patty Tomasco INVOICE#: ER272664 DATE: 12/18/2017 | 1,717.00 |
| Filing Fee - filing fee | |
| Filing Fee -VENDOR: Patty Tomasco INVOICE#: ER272666 DATE: 12/18/2017 | 1,717.00 |
| Filing Fee - filing fee | |
| Filing Fee -VENDOR: Patty Tomasco INVOICE#: ER272667 DATE: 12/18/2017 | 1,717.00 |
| Filing Fee - filing fee | |
| Filing Fee -VENDOR: Patty Tomasco INVOICE#: ER272668 DATE: 12/18/2017 | 6,868.00 |
| Filing Fee - filing fee | |
| Filing Fee -VENDOR: Patty Tomasco INVOICE#: ER272670 DATE: 12/18/2017 | 17,170.00 |
| Filing Fee - filing fee | |
| Filing Fee -VENDOR: Matthew D. Cavenaugh INVOICE#: ER272613 DATE: 12/18/2017 | 15,453.00 |
| Filing Fee - Filing fee for new bankruptcy case petitions in Bankruptcy Court | |
| Transcripts -VENDOR: Judicial Transcribers of Texas, Inc.; INVOICE#: 57960; DATE: 12/25/2017  -  Expro Holdings Us Inc., et al | 514.25 |
| Transcripts -VENDOR: Judicial Transcribers of Texas, Inc.; INVOICE#: 58072; DATE: 1/29/2018  -  Case 17-60179-H2-11 Expro Holdings US Inc. | 332.75 |

Total Expenses                                                                              70,264.27

| Reference No.: | | Invoice No: 1588087 |
|---|---|---|
| 151756-00001-PBT2 | Page 13 | Invoice Date: 03/05/18 |

**TOTAL DUE THIS INVOICE:** **$146,425.27**